Affirmed and Memorandum Opinion filed February 15, 2005









Affirmed and Memorandum Opinion filed February 15,
2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00379-CR

____________

 

JOSE JUAN
RODRIGUEZ,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 56th
District Court

Galveston County, Texas

Trial Court Cause No. 00CR1892

 



 

M E M O R A N D U M   O P I N I O N

Appellant was convicted of possessing more
than 400 grams of cocaine, a felony offense. 
Following a jury trial, the trial court assessed punishment at ten
years’ confinement.  On appeal, appellant
asserts the trial court erred in overruling his motion to suppress the cocaine
found in a search of appellant’s car. 
Appellant contends he was detained for an unreasonable amount of time
and his subsequent consent to the search was the fruit of an illegal
detention.  Because we find appellant was
reasonably detained, we affirm.

 








Factual and Procedural Background

Officer Blackwell of the Galveston Police
Department pulled over appellant’s car when the officer saw appellant was not
wearing his seat belt.  Officer Blackwell
had difficulty communicating with appellant, whose first language is Spanish,
but was able to obtain appellant’s driver’s license and insurance information
before radioing for a Spanish-speaking interpreter.  While waiting for the interpreter to arrive,
Officer Blackwell checked to see if appellant had any outstanding warrants;
this check was completed in about three minutes.  Officer Delossantos, the interpreter, arrived
10 to 15 minutes after Officer Blackwell pulled over appellant’s car.  Officer Delossantos explained to appellant
why Officer Blackwell pulled him over. 
When informed of the reason for the stop—not wearing a
seatbelt—appellant told Officer Delossantos that he inadvertently had failed to
put the seatbelt back on when he got back into his car.  When asked, appellant agreed to allow the
officers to search his car and signed a consent form to that effect.  During the search, the officers discovered a
brick of cocaine in a gift bag in the backseat of appellant’s car.  At that time, the officers arrested appellant
for possession of cocaine.  Officer
Blackwell ultimately decided not to issue appellant a traffic citation for
failing to wear his seat belt.

Appellant pleaded not guilty to the felony
offense of possessing more than 400 grams of cocaine.  Before trial, appellant moved to suppress the
cocaine found in his car.  Appellant
asserted the seat belt violation was a pretext when, in fact, the officers
lacked probable cause to detain him. 
Appellant also claimed that waiting for a Spanish-speaking officer to
arrive unreasonably extended the length of his detention.  After holding a hearing, the trial court
denied appellant’s motion to suppress. 
On appeal, appellant concedes the traffic stop was reasonable and legal
at its inception, but maintains the detention was unconstitutionally extended
by the wait for a Spanish-speaking officer to arrive.  As a result, appellant argues the consent he
gave to search his car was the fruit of an illegal detention.

 

 








Appellant’s detention was reasonable

Standard of Review

Appellant claims the trial court erred in
denying his motion to suppress.  We
review a trial court’s decision to deny a motion to suppress for an abuse of
discretion.  Villareal v. State,
935 S.W.2d 134, 138 (Tex. Crim. App. 1996); Ross v. State, No.
14-02-00413-CR, 2003 WL 1987848, *1 (Tex. App.—Houston [14th Dist.] May 1,
2003, no pet.) (not designated for publication).  An appellate court must give great deference
to the trial court’s determination of historical facts supported by the record,
especially when they are based on credibility and demeanor.  Laney v. State, 117 S.W.3d 854, 857
(Tex. Crim. App. 2003) (en banc) (citing Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997)); Ross, 2003 WL 1987848 at *1.  Because no explicit findings of fact were
filed, we review the evidence in the light most favorable to the trial court’s
ruling.  Guzman, 955 S.W.2d at 89;
Ross, 2003 WL 1987848 at *2.  We
review the trial court’s application of law de novo.  Ornelas v. United States, 547 U.S.
690, 697–99 (1996); Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000); Simpson v. State, 29 S.W.3d 324, 327 (Tex. App.—Houston
[14th Dist.] 2000, pet. ref’d).  We must
uphold the ruling admitting the evidence if it is supported by any legal
theory.  Laney, 117 S.W.3d at 857
(citing Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002)); Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Ross, 2003 WL
1987848 at *2.

Reasonableness of Detention








A traffic stop is a detention and must be
reasonable.  Davis v. State, 947
S.W.2d 240, 244 (Tex. Crim. App. 1997) (en banc); Simpson, 29 S.W.3d at
327.  To be reasonable, a traffic stop
must have been justified when the person was initially stopped and not be
longer than necessary to effectuate the purpose of the stop.   Florida v. Royer, 460 U.S. 591, 500
(1983); Davis, 947 S.W.2d at 245; Simpson, 27 S.W.3d at 327.  Appellant concedes his traffic stop was
justified when it began and contends only that he was detained for an
unreasonably long period of time.  Once
the reason for the stop has been satisfied, officers cannot use the stop as a
fishing expedition for unrelated criminal activity.  Davis, 947 S.W.2d at 243.  Appellant urges this court to find it was
unreasonable for Officer Blackwell to continue to detain appellant for ten to
fifteen minutes while waiting for a Spanish-speaking officer to arrive.  Because Officer Blackwell already had
determined appellant had no outstanding warrants, appellant argues Officer
Blackwell had no further reason to detain him and appellant should have been
free to go rather than forced to wait for a Spanish-speaking officer.  

We find Officer Blackwell’s further
detention of appellant was reasonable under these circumstances for the
following reasons.  Officer Blackwell
testified that he had not decided whether to issue a citation when he asked for
a Spanish-speaking officer to assist him. 
Officer Blackwell testified he would not have issued a citation if, for
example, appellant had a medical reason he could not wear his seat belt.[1]  Officer Blackwell further testified that he
had difficulty communicating with appellant because of the language
barrier.  And appellant acknowledged
that, when Officer Blackwell attempted to explain why he was stopped, appellant
only “understood a little bit.”  Officer
Delossantos, the Spanish-speaking officer, testified that he communicated with
appellant entirely in Spanish about the reason for the traffic stop and the
subsequent search of appellant’s car.  We
conclude it was reasonable to detain appellant for such a short time period so
that an officer who spoke Spanish, appellant’s first language, could be
present.[2]  








Appellant’s case, though factually similar
to Herrera v. State, 80 S.W.3d 283, 286 (Tex. App.—Texarkana 2002, pet.
ref’d), is distinguishable.  A police
officer stopped Herrera for a traffic violation, although the State never
disputed that the traffic stop was a pretext for a narcotics
investigation.  Like appellant, Herrera
spoke little English and a Spanish-speaking officer was called to the
scene.  Id. at 287.  But unlike Officer Delossantos in appellant’s
case, the Spanish-speaking officer who spoke with Herrera did not help “further
the investigation of the initial stop in any way.”  Id. 
For that reason, the Texarkana Court of Appeals concluded Herrera’s
detention was unreasonably prolonged by the wait for the interpreter’s
arrival.  Id.  In appellant’s case, Officer Delossantos
furthered the investigation of Officer Blackwell’s initial traffic stop by
explaining to appellant why he was stopped, by asking appellant why he was not
wearing his seat belt, and by providing that answer to Officer Blackwell, who
needed the information to decide whether to issue a citation.  Because of this distinction, we decline to
apply the Herrera holding in appellant’s case.  

The trial court properly denied
appellant’s motion to suppress.  Having
overruled appellant’s only issue on appeal, we affirm.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

Judgment
rendered and Memorandum Opinion filed February 15, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Do
Not Publish — Tex. R. App. P.
47.2(b).

 











[1]  When asked why
he ultimately did not issue a citation to appellant, Officer Blackwell
explained it was not his custom to issue a traffic citation when, as in
appellant’s case, the stop resulted in a felony arrest.





[2]  When
confronted with communication barriers, we are hesitant to adopt an approach
that would penalize an officer for taking the necessary steps to ensure the
citizen knew the reason for the traffic stop and temporary detention rather
than plowing ahead—with or without the citizen’s understanding—in an effort to
keep the detention as short as possible. 
See Reyes-Perez v. State, 45 S.W.3d 312, 319 (Tex. App.—Corpus
Christi 2001, pet. ref’d) (reversing appellant’s conviction upon finding State
had not proved appellant voluntarily consented to officer’s search of his car
when appellant spoke little English and communication between officer and
appellant took place mainly in the form of hand gestures).